IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION, et al.,<br><br>Defendants. | NO. 3:05-00283<br>JUDGE HAYNES |

## MEMORANDUM

Before the Court is Dollar General Corporation's motion to enforce consent judgment (Docket Entry No. 72) entered against the Defendant Brian Burr (Docket Entry No. 71) contending that the Burr's Consent Judgment prohibits Burr from seeking any contribution from Dollar General, a co-defendant, but Burr is pursuing such claims against Dollar General in a state court action in Shelby County, Tennessee. In response, Burr contends that Dollar General lacks standing as Dollar General was not a party to his consent judgment.

On April 7, 2005, the Securities and Exchange Commission ("SEC") filed this action against several defendants, including Dollar General and Burr, asserting violations of Securities and Exchange Acts. The SEC's claims were for Burr's trading of Dollar General securities while in possession of material, nonpublic information that he had obtained while he was chief financial officer of Dollar General. On February 8, 2006, Burr executed a Consent Judgment that was entered on April 10, 2006 that provided, in pertinent part, that Barr:

> agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source . . . with regard to any civil penalty amounts that Defendants pays pursuant to the Final Judgment.

(Docket Entry No. 36, Consent Judgment at ¶ 4). The Consent Judgment required Burr to "comply with all of the undertakings and agreements set forth therein;" and provided that "this Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of the Final Judgment." Id. at ¶¶ X, XI at pp. 8-9; see also id. at ¶¶ 8, 16. Burr also expressly "relinquishe[d] all legal and equitable right, title, and interest" in the civil penalty, disgorgement,[1] and interest payments that he made under the Final Judgment. Id. at p. 6. Finally, Burr agreed that "no part of the funds shall be returned." Id.

On February 10, 2006, Burr filed a state court complaint in the Circuit Court for Shelby County, Tennessee against Dollar General to recover damages related to his settlement with the SEC, including "the value of the loss of the stock options," plus interest and his "paying a civil settlement" to the SEC. (Docket Entry No. 72-4, Amended Complaint at ¶¶ 52, 61 at p. 14). In sum, Burr's state court action seeks a return of monies that he paid in that action as a result of his illegal trades.

A consent judgment is in essence a contract. Sault Ste. Maire Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 372 (6th Cir. 1989). Although Dollar General is not a named party to Burr's Consent Judgment, Dollar General was a named Defendant in this action. Burr's Consent Judgement expressly prohibits him from seeking to recover against any co-defendant. Although non-parties lack standing to enforce a consent decree, Aiken v. City of Memphis, 37 F.3d 1155, 1167-68 (6th Cir. 1994), Dollar General is a co-defendant in this action and thus has standing.

---

[1] 'Disgorgement' means the act of giving up something (such as money wrongfully obtained) on demand or by legal compulsion." Allstate Ins. Co. v. Receivable Finance Co., 501 F.3d 398, 413 (5th Cir 2007). Disgorgement is inequitable and does not represent monetary damages. See Great-West Life & Annuity Ins. Co v. Knudson, 534 U.S. 204, 209.

2

Burr's Consent Judgment clearly conferred a benefit on his co-defendants in this action.

Burr expressly "relinquishe[d] all legal and equitable right, title, and interest" in the civil penalty, disgorgement,[2] and interest payments that he made under the Final Judgment. (Docket Entry No. 36, Consent Judgment at p. 6). Burr agreed that "no part of the funds shall be returned," id., thereby prohibiting Burr from seeking to enforce his alleged right to the return of those funds.

Thus, Burr's relinquishment of all legal and equitable right, title, and interest in those funds constitutes a waiver of any claim for recovery of those funds against Dollar General, a co-defendant. Dollar General's motion to enforce (Docket Entry No. 72) should therefore be granted.

An appropriate order is filed herewith.

**ENTERED** this the ___1st___ day of July 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[2]'Disgorgement' means the act of giving up something (such as money wrongfully obtained) on demand or by legal compulsion." Allstate Ins. Co. v. Receivable Finance Co., 501 F.3d 398, 413 (5th Cir 2007). Disgorgement is inequitable and does not represent monetary damages. See Great-West Life & Annuity Ins. Co v. Knudson, 534 U.S. 204, 209.

3